UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 16-50207 |
| | ) | Chapter 7 |
| DOUGLAS JOHN KERKVLIET | ) | |
| SSN/ITIN xxx-xx-1121 | ) | DECISION RE:   ANKER LAW GROUP, |
| | ) | P.C.'S MOTION TO WITHDRAW |
| Debtor. | ) | AS DEBTOR'S COUNSEL |
| | ) | |

The matter before the Court is Anker Law Group, P.C.'s Motion to Withdraw as Debtor's Counsel. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052. For the reasons discussed below, the Court will grant the motion.

### FACTS

On July 25, 2016, Douglas John Kerkvliet ("Debtor") filed a chapter 13 bankruptcy, which he voluntarily converted to a chapter 7 bankruptcy on August 31, 2016. At the start of Debtor's chapter 13 case, he was represented by the law firm of Smoot & Utzman, P.C. On August 22, 2016, Anker Law Group, P.C. ("Anker Law") filed a motion to substitute as counsel for Debtor, and this Court approved that request on August 23, 2016.

On July 13, 2023, Anker Law filed a Motion to Withdraw as Debtor's Counsel and a Supplemental Disclosure of Compensation. Trustee Forrest C. Allred ("Trustee Allred") filed an Objection to Motion to Withdraw as Debtor's Counsel on July 21, 2023. Anker Law then filed a Supplement to its motion to withdraw on August 28, 2023. A hearing was held on August 30, 2023, with appearances as noted in the hearing minutes. At the hearing, the parties requested additional time to brief the questions before the Court and the Court granted Anker Law and Trustee Allred until September 13, 2023, to file any additional briefs regarding the matter. Trustee Allred filed a Brief in Support of His Objection to Motion to Withdraw as Debtor's Counsel on September 11, 2023; Anker Law filed a Brief in Support of Motion to Withdraw as Debtor's Counsel on September 13, 2023; and the United

States Trustee filed an Objection to Motion to Withdraw as Debtor's Counsel on September 13, 2023. At the August 30, 2023, hearing, Anker Law represented that it would also be withdrawing as attorney of record in Tucker Don Pankowski's ("Pankowski") bankruptcy case. On September 28, 2023, Anker Law filed a Motion to Withdraw as Debtor's Counsel in Pankowski's bankruptcy case.[1]

## DISCUSSION

Bankr. D.S.D. R. 2090-1 requires attorneys practicing before this Court to comply with D.S.D. Civ. LR 83.2 and the rules of professional conduct as adopted by the State of South Dakota. A lawyer shall withdraw from the representation of a client if such representation will result in violation of the Rules of Professional Conduct or other law. S.D. Rules of Prof'l Conduct R. 1.16(a)(1). Further, a lawyer shall not represent a client if such representation involves a concurrent conflict of interest. S.D. Rules of Prof'l Conduct R. 1.7(a). A concurrent conflict of interest exists if the representation of one client will be directly adverse to another client. Id at 1.7(a)(1).

In South Dakota, an attorney may withdraw if:

(1) withdrawal can be accomplished without material adverse effect on the client;
(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(3) the client has used the lawyer's services to perpetrate a crime or fraud;
(4) the client insists on taking an action with which the lawyer has a fundamental disagreement;
(5) the client fails to substantially fulfill an obligation to the lawyer;
(6) the representation will result in an unreasonable financial burden on the lawyer; or
(7) other good cause for withdrawal exists.

S.D. Rules of Prof'l Conduct R. 1.16(b)(1)-(7); Native Am. Council of Tribes v. Weber, 2011 WL 2898081, at *1 (D.S.D. July 18, 2011). "'Good cause' exists when counsel cannot adequately represent a client without violating the Rules of Professional Conduct." Crossroads Residents Organized for Stable and Secure

---

[1] Bankr. No. 16-50206 (doc. 197).

2

Residencies v. MSP Crossroads Apartments LLC, 2017 WL 978977, at *3 (D.Minn. March 13, 2017).  "Where an attorney meets notification requirements and shows good cause, a general presumption in favor of withdrawal arises." Ronnoco Coffee LLC v. Peoples, 2020 WL 7863851, at *3 (E.D.Mo. December 31, 2020) (citing Sanford v. Maid-Rite Corp., 816 F.3d 546, 550 (8th Cir. 2016)).  Further, because an attorney seeking withdrawal based upon a conflict of interest must zealously argue for his client and also prevent knowingly revealing information protected by his client, "[t]he lawyer's statement that professional considerations require termination of the representation" ordinarily should be accepted as sufficient. Crossroads Residents Organized for Stable and Secure Residencies, at *3.

Anker Law served its motion to withdraw and notice on July 13, 2023, and a hearing was held regarding it on August 30, 2023.  Anker Law represents that it has a concurrent conflict of interest between clients who are directly adverse to each other and that its continued representation of Debtor will result in a violation of the Rules of Professional Conduct or other law.  Anker Law states that this concurrent conflict of interest is between Debtor and Pankowski.  Anker Law has filed motions to withdraw from both of their bankruptcy cases.  Therefore, Anker Law has met the requirements for withdrawal under Bankr. D.S.D. R. 2091-1(b) and has established good cause.

## CONCLUSION

For the reasons stated herein, Anker Law's Motion to Withdraw as Debtor's Counsel is granted and Anker Law Group, P.C., is no longer counsel of record for Debtor in his bankruptcy case or any remaining adversary proceedings associated with this main case.  The Court will enter an order granting the motion.

So ordered:   October 6, 2023.

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

BY THE COURT:

Laura L. Kulm Ask
Bankruptcy Judge